# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**CHARLES JAMES BEUTERBAUGH,**

      **Petitioner,**

v.                                               Civil Action No. 5:19cv239
                                                    (Judge Stamp)

**WARDEN, FCI GILMER,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 9, 2019, the *pro se* Petitioner, Charles Beuterbaugh, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed in the Southern District of Iowa. The Petitioner paid the $5 filing fee on August 20, 2019.

The matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 1:16cr18 in the United States District Court for the Southern District of Iowa, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)

On July 28, 2016, Petitioner was one of six defendants named in a two-count Superseding Indictment.  Petitioner was named in both courts. Count One charged Conspiracy to Distribute a Controlled Substance, fentanyl, in violation of Title 21 United States Code, Section 841(a)(1); with said controlled substance being a mixture of substance containing acetyl fentanyl, a Schedule I controlled substance. The Superseding Indictment indicated the conspiracy charged in Count One, which included the reasonably foreseeable conduct of members of the conspiracy, charged and uncharged, involved at least 400 grams or more of a mixture of substance containing fentanyl or 100 grams or more of a mixture or substance containing acetyl fentanyl, a Schedule I controlled substance and, included the reasonably foreseeable death of D.G. and serious bodily injury of C.W. from the use of acetyl fentanyl. Count Two charged that on June 28, 2015, Petitioner knowingly and intentionally possessed with intent to distribute a controlled substance being a mixture and substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance in violation of Title 1, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United Stats Code, Section 2.

On April 21, 2017, Petitioner entered into a plea agreement by which he agreed to plead guilty to Count One on the Superseding Indictment, and the government would move to dismiss Count Two at the time of sentencing if Petitioner complied with all terms and conditions of the plea agreement. The Plea Agreement included a description of the nature of the offense. Specifically, the agreement provided that Petitioner understood that to prove the offense allege under Count One, Conspiracy to Distribute,

("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

the Government would be required to prove beyond a reasonable doubt the following elements:

(a) Two or more people reached an agreement or came to an understanding to distribute a controlled substance;

(b) The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

(c) At the time the defendant joined the agreement or understanding, the defendant knew the purpose of the agreement or understanding; and,

(d) The amount of the controlled substance involved or caused death/serious bodily injury.

As part of the factual bases for Petitioner's plea of guilty; Petitioner, as part of the plea agreement, admitted in pertinent part:

(a) That what the defendant thought was fentanyl was in fact acetyl fentanyl. During the dates alleged, the conspiracy distributed over four-hundred grams of a mixture or substance containing fentanyl or an analogue of fentanyl, which was reasonably foreseeable to the defendant.

(b) That the defendant resided with co-defendant Pandis who also distributed fentanyl. On or about June 28, 2015, Beuterbaugh provided acetyl fentanyl to D.G. and C.W. from the acetyl fentanyl the defendant obtained from Dustin Sullivan, resulting in the death of D.G. and the hospitalization of C.W.

On May 1, 2017, the United States Magistrate Judge, who conducted the plea hearing, recommended that the plea of guilty be accepted, that a pre-sentence investigation and

report be prepared, and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Report and Recommendation was adopted on May 26, 2017.

A Presentence Investigation Report ("PSR") was filed on June 28, 2017. Although the undersigned does not have a copy of the PSR, Petitioner indicates that the 2016 Guidelines Manual was used to determine his offense level, pursuant to § 1B1.11. Petitioner further indicates that his Base Offense Level was 32 because the offense involved 300 grams but less than 1 kilogram of fentanyl, pursuant to U.S.S.G. § 2D1.1(c)(5), (c)(4). However, because the offense of conviction established that death or serious bodily injury resulted from the substances, the Base Offense Level was increased to level 38, pursuant to U.S.S.G. § 2D1.1(a)(2). Petitioner received a three level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). The PSR calculated Petitioner's Total Offense Level to be level 35. His total criminal history score of 0 placed him in Criminal History Category 1. Based upon a Total Offense Level of 35 and a Criminal History Category of 1, the guidelines range was 168 months to 210 months. However, the statutorily required minimum sentence of 20 years was greater that the maximum of the applicable range, and therefore, the guideline term of imprisonment was 240 months, pursuant to U.S.S.G. § 5G1.1.

A sentencing hearing was conducted on November 7, 2017. The Court adopted the recommendation of the probation officer in the PSR and imposed a 240-month sentence, the statutorily required minimum sentence pursuant to U.S.S.G. § 5G1.1 to be followed by five years of supervised release. Petitioner did not file a direct appeal or a habeas petition pursuant to 28 U.S.C. § 2255.

### III. Instant § 2241 Petition

The Petitioner attacks his sentence and relies on the Supreme Court decision in <u>Barrage v. United States</u>, 571 U.S. 204 (2014) (holding that defendant cannot have sentence enhanced under 21 U.S.C. § 841(b)(11)(C) where the use of a drug he distributed was not "but-for" cause of the death or injury). Petitioner maintains that he satisfies the saving clause established in <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018) because <u>Burrage</u> is a retroactively applicable substantive decision. For relief, the Petitioner requests that this court vacate his sentence and resentence him without the § 2(D)1.1(a)(2) enhancement. In the alternative, Petitioner requests that an evidentiary hearing be held so that he may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

### III. Legal Standard

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See <u>Erickson</u>

v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### B. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective

merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[2]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

   a. The date on which the judgment of conviction becomes final;
   b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

Because Petitioner is not contesting his conviction, the Jones standard does not apply to his petition for relief. Instead, the Court must review Petitioner's challenge of his sentence under the four-part Wheeler test. Because the Petitioner relies on

Barrage, which was decided before his sentencing, the Petitioner cannot meet the second prong of the Wheeler test, and he is not entitled to relief.

Moreover, "Burrage has not been held to apply to the Sentencing Guidelines." Young v. Antonelli, No. CV 0:18-1010-CMC-PJG, 2019 WL 4044113, at 2 (D.S.C. Jan. 23, 2019), report and recommendation adopted, No. CV 0:19-1010-CMC, 2019 WL 3162398 (D.S.C. Jul 6, 2019). Since Burrage, many courts have reached the conclusion that its holding applies only to the statutory death enhancement found in 21 U.S.C. § 841 and not to the corollary enhancements found in the Sentencing Guidelines, See, e.g., id. (citing Perez-Colon v. O'Brien, Civil Action No. 1:14CV119, 2016 WL 7168186, at *6 (N.D. W. Va, Dec. 8, 2016) (holding that Burrage "does not apply…where the district court applied a sentencing enhancement, not a finding under § 841(b)(1)(C)"); Powell v. United States, Civil No. 3:09CV2141 (EBB), 2014 WL 5092762, at *1 (D. Conn. Oct. 10, 2014) ("Powell's reliance on Burrage is misplaced for many reasons, not the least of which is that the murder cross-reference guideline is only a sentencing factor, not an element of the offense of conviction and, as such, is not affected in any way by Burrage and the rule it announced does not render him actually innocent of the sentence enhancement.

Finally, the undersigned notes that Barrage was decided in the context of a jury trial. In the instant case, Petitioner pleaded guilty pursuant to a plea agreement in which he admitted that he provided acetyl fentanyl to D.G. and C.W.….resulting in the death of D.G. and the hospitalization of C.W. "A knowing, voluntary and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts

necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Consequently, because Petitioner attacks the validity of his sentence and fails to establish that he meets the Jones or Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial, 115 F.3d at 1194.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, Petitioner may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: November 18, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE