IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**CHARLES JESSE BEUTERBAUGH,**

    Petitioner,

v.                               **CIVIL ACTION NO. 5:19-CV-239**
                                         **(BAILEY)**

**WARDEN, FCI GILMER,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 18, 2019, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed his Objections on December 16, 2019 [Doc. 11]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Petitioner does not object to Magistrate Judge Mazzone's recitation of the factual and procedural background. In sum, petitioner is challenging his sentence imposed in the Southern District of Iowa relying on *Barrage v. United States*, 571 U.S. 204 (2014), in which the Supreme Court of the United States held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(c) unless such use is a but-for cause of the death or injury." 571 U.S. at 218–19. Petitioner maintains that he satisfies the savings clause of § 2255(e) under *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), and thus his claim may be considered under § 2241, because *Barrage* is a retroactively applicable substantive change in the law. For relief, petitioner requests that this Court vacate his sentence and re-sentence him without the U.S.S.G. § 2D1.1(a)(2) enhancement for causing "death or serious bodily injury" which increased petitioner's base offense level.

Magistrate Judge Mazzone concluded that "[b]ecause Petitioner attacks the validity of his sentence and fails to establish that he meets the *Jones* [*In re Jones*, 226 F.3d 328 (4th Cir. 2000)] or *Wheeler* requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that

2

does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." [Doc. 6 at 10]. In reaching this conclusion, Magistrate Judge Mazzone found the following, in pertinent part:

> Because Petitioner is not contesting his conviction, the *Jones* standard does not apply to his petition for relief. Instead, the Court must review Petitioner's challenge of his sentence under the four-part *Wheeler* test. Because the Petitioner relies on *Burrage*, which was decided before his sentencing, the Petitioner cannot meet the second prong of the *Wheeler* test, and he is not entitled to relief.
>
> Moreover, "*Burrage* has not been held to apply to the Sentencing Guidelines." *Young v. Antonelli*, No. CV 0:18-1010-CMC-PJG, 2019 WL 4044113, at 2 (D.S.C. Jan. 23, 2019), report and recommendation adopted, No. CV 0:19-1010-CMC, 2019 WL 3162398 (D.S.C. Jul 6, 2019). Since *Burrage*, many courts have reached the conclusion that its holding applies only to the statutory death enhancement found in 21 U.S.C. § 841 and not to the corollary enhancements found in the Sentencing Guidelines. *See, e.g., id.* (citing *Perez-Colon v. O'Brien*, Civil Action No. 1:14CV119, 2016 WL 7168186, at *6 (N.D. W. Va, Dec. 8, 2016) (holding that *Burrage* "does not apply... where the district court applied a sentencing enhancement, not a finding under § 841(b)(1)(c)"); *Powell v. United States*, Civil No. 3:09CV2141 (EBB), 2014 WL 5092762, at *1 (D. Conn. Oct. 10, 2014) ("Powell's reliance on *Burrage* is misplaced for many reasons, not the least of which is that the murder cross-reference guideline is only a sentencing factor, not an element of the offense of conviction and, as such, is not affected in any way by *Burrage* and the rule it announced does not render him actually innocent of the sentence enhancement.").
>
> Finally, the undersigned notes that *Barrage* was decided in the context of a jury trial. In the instant case, Petitioner pleaded guilty pursuant to a plea agreement in which he admitted that he provided acetyl fentanyl to D.G. and C.W. . . . resulting in the death of D.G. and the hospitalization of C.W. "A knowing, voluntary and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).

[Id. at 8–10].

Petitioner's Objections do not specifically contest the above findings of Magistrate

3

Judge Mazzone. Instead, the vast majority of the Objections are simply paragraphs copied from a Sixth Circuit case, *Harrington v. Ormond*, 900 F.3d 246 (6th Cir. 2018), in which the Sixth Circuit found the petitioner to have "properly petitioned for relief under § 2241" based on *Burrage*. This Court assumes petitioner did such because he believes *Harrington* is analogous to his instant § 2241 Petition and wants this Court to find the same.

Unfortunately for petitioner, however, there are key differences between the petitioner here and the petitioner in *Harrington*. First, the *Harrington* petitioner was convicted and sentenced in 2009. *Burrage* was then decided in 2014, which provided the *Harrington* petitioner with a substantive change in the law deemed to apply retroactively on collateral review under which he could satisfy the savings clause of § 2255(e). Here, however, as Magistrate Judge Mazzone correctly noted, petitioner was sentenced in 2017, years *after Burrage* was decided. Thus, petitioner clearly cannot satisfy the second prong of *Wheeler*, which contemplates a substantive change in the law "*subsequent* to the prisoner's direct appeal and first § 2255 motion." 886 F.3d at 429 (emphasis added).

Second, the *Harrington* petitioner was convicted following a jury trial, and the Sixth Circuit determined the jury was not given a proper jury instruction regarding the "death results" penalty enhancement of 21 U.S.C. § 841(b)(1) in light of *Burrage*'s new, retroactively applied interpretation of that enhancement. *Burrage* was also decided in the context of a jury trial. However, as Magistrate Judge Mazzone again correctly points out, petitioner here "pleaded guilty pursuant to a plea agreement in which he admitted that he provided acetyl fentanyl to D.G. and C.W. . . . resulting in the death of D.G. and the hospitalization of C.W. 'A knowing, voluntary and intelligent plea to an offense conclusively establishes the elements of the offense

4

and the material facts necessary to support the conviction.' *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993)." [Doc. 6 at 9–10]. Thus, by pleading guilty with *Burrage* already as the established law, petitioner necessarily admitted all the material facts necessary to support his conviction, including that the drug distributed by defendant was a but-for cause of death or injury. Though petitioner states that he "admitted to the factual basis of the guilty plea, as part of the Plea Agreement, pursuant to the advice of his counsel," [Doc. 11 at 3], petitioner does not assert an ineffective assistance of counsel claim, nor is there any evidence in the record to suggest that petitioner's plea was not knowing, voluntary, and intelligent.

Finally, this Court notes that petitioner's § 2241 Petition challenges the sentencing court's increase of petitioner's base offense level to level 38 pursuant to U.S.S.G. § 2D1.1(a)(2), not the "death results" penalty enhancement of 21 U.S.C. § 841(b)(1), which was the focus of *Burrage*. As Magistrate Judge Mazzone again correctly notes, "[s]ince *Burrage*, many courts have reached the conclusion that its holding applies only to the statutory death enhancement found in 21 U.S.C. § 841 and not to the corollary enhancements found in the Sentencing Guidelines." [Doc. 6 at 9] (collecting cases).

Therefore, for the reasons set forth above, this Court hereby **ORDERS** that petitioner's Objections **[Doc. 11]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 6]** is hereby **ADOPTED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Clerk is **DIRECTED** to enter judgment in favor of the respondent and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: March 23, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE